UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    CASE NO. 8:09-CR-547-T-17MAP

JACQUELINE PITTS.

_____/

ORDER

This cause is before the Court on:

Dkt. 211 Report and Recommendation
Dkt. 214 Objections

Defendant Jacqueline Pitts moved to withdraw Defendant's guilty plea and requested an evidentiary hearing (Dkt. 187). The motion was referred to the assigned Magistrate Judge, who conducted a hearing. The assigned Magistrate Judge has entered a Report and Recommendation in which it is recommended that Defendant's Motion to Withdraw Plea be denied.

Defendant Pitts has filed Objections to the Report and Recommendation. Defendant Pitts contends that the assigned Magistrate Judge erred in finding that Defendant Pitts had the close assistance of counsel, and in finding that Defendant Pitts' decision to plead guilty was knowingly and voluntarily made.

The Court has independently reviewed the pleadings, and has examined the Transcript of the change of plea hearing before the undersigned on April 5, 2010 (Dkt. 204).

Case No. 8:09-CR-547-T-17MAP

I.  Standard of Review

The District Court reviews de novo the portions of the Report and Recommendation or specified proposed findings to which an objection is made.  The District Court may accept, reject, or modify in whole or in part the report and recommendation of a magistrate judge or may receive further evidence or may recommit the matter to the magistrate judge with instructions.

II.  Discussion

Under Fed.R.Crim.P. 11(d)(2), Defendant Pitts has the burden of showing a "fair and just reason" to withdraw her plea.  In determining whether Defendant Pitts has met her burden, the Court may consider the totality of the circumstances surrounding the plea: 1) whether close assistance of counsel was available; 2) whether the plea was knowing and voluntary; 3) whether judicial resources would be conserved; and 4) whether the government would be prejudiced if withdrawal of defendant's plea was granted. United States v. Gonzalez-Mercado, 808 F.2d 796, 798-99 (11th Cir. 1987).

On the morning the trial in this case was to commence, Defendant Pitts notified her counsel in writing that Defendant Pitts wanted to enter an open plea.  The undersigned conducted a change of plea hearing, and scheduled a sentencing.  Prior to sentencing, Defendant Pitts filed her motion to withdraw her plea.

2

Case No. 8:09-CR-547-T-17MAP

A.  Close Assistance of Counsel

Defendant Pitts argues that Defendant had difficulty communicating with her former counsel, that this difficulty impeded the transmission of necessary information and thwarted the development of a beneficial relationship.  Defendant Pitts argues that her former counsel's last two jail visits to Defendant Pitts are strong evidence that Defendant did not have the close assistance of counsel, taking into consideration Defendant Pitts' limited education and documented psychological issues.

The Court notes that Defendant Pitts' involvement in the events for which Defendant Pitts is charged consists of driving a rental car from Michigan to Tampa to a "drug buy" to be carried out by Defendant's co-conspirator, bringing money, guns and ammunition.  Defendant Pitts previously pleaded guilty to a similar charge, in which Defendant Pitts played the same role, and served as a confidential informant.  As the Magistrate Judge notes in the Report and Recommendation, the facts are not complex and the Government's case is substantial.

When Defendant Pitts appeared before the undersigned on April 5, 2010, Defendant Pitts was placed under oath, and the consequences of not telling the truth were explained to Defendant Pitts.  The Court ascertained that Defendant Pitts understood the nature of the charged offenses, their elements, and their penalties.  Defendant Pitts acknowledged that Defendant Pitts understood that, by entering a plea, Defendant Pitts would be foregoing valuable constitutional rights.  Defendant Pitts specifically acknowledged that her counsel had fully and

Case No. 8:09-CR-547-T-17MAP

completely discussed the case with Defendant Pitts, that
Defendant's counsel advised Defendant of her constitutional
rights and possible defenses, and that Defendant Pitts was
satisfied with his representation (Dkt. 204, p. 41).  Defendant
Pitts was offered the opportunity to speak about any additional
matter Defendant wanted to communicate to the undersigned, but
Defendant Pitts denied having anything further.  (Dkt. 204, p.
42).

   At the time of the plea hearing, Defendant Pitts had her
counsel put on the record that Defendant Pitts did not want to
testify against her co-defendant (Dkt. 204, p. 4).  The Court
also questioned the Government as to Defendant Jasper and
Defendant King.  The Government stated that Defendant Jasper was
not prepared to testify against either co-defendant, and
Defendant King was not prepared to testify against either co-
defendant (Dkt. 204, pp. 6-7).  An additional co-defendant was
scheduled for trial.

   A defendant's statements under oath at the plea colloquy are
presumptively true.  U.S. v. Gonzalez-Mercado, 808 F.2d 796 (11th
Cir. 1987).  Based on Defendant's statements at the time of the
plea colloquy, the Court found that Defendant Pitts was an able-
bodied female of average intelligence, that Defendant fully
understood the nature of the charges, and the possible maximum
sentences.  The Court further found that Defendant Pitts was not
under the influence of drugs, pills, alcohol or medication nor
treated for a mental illness for which Defendant Pitts had been
declared incompetent.  The Court further found that the plea was
not produced by threats, force or promise, that Defendant Pitts
knew what she was doing, understood the rights Defendant Pitts

4

Case No. 8:09-CR-547-T-17MAP

was foregoing and that Defendant Pitts had adequate and competent counsel who advised Defendant Pitts of her rights and possible defenses.  The Court found that the Government could establish a <u>prima</u> <u>facie</u> case against Defendant Pitts.

After consideration, the Court finds that Defendant Pitts has not brought forth evidence that rebuts the presumption that Defendant Pitts' testimony at the time of the plea hearing was true.  The Court overrules Plaintiff's objection as to close assistance of counsel.

B.  Knowing and Voluntary Plea

Defendant Pitts argues that strong evidence of Defendant Pitts' lack of understanding of the consequences of her guilty plea is the fact that her guilty plea would necessarily result in a sentence of 180 months.  At the evidentiary hearing before Judge Pizzo, Defendant Pitts testified that she was not aware of the fact that all of her co-defendants had refused to testify against her and further that she had been instructed by her attorney that it was in her best interest to plead guilty. Defendant Pitts further testified that she must answer all of the district court's questions affirmatively to have her guilty plea accepted.  Defendant Pitts argues that this testimony is logical and uncontradicted.

The Court notes that Defendant Pitts entered her plea on April 5, 2010 and did not move to withdraw her plea until August 19, 2010.  The delay between the plea hearing and the motion to withdraw plea supports a finding that Defendant's motion is a calculated effort to improve her position rather than a genuine

Case No. 8:09-CR-547-T-17MAP

change of heart.  The Court also notes that Defendant Pitt's desire not to testify against her co-defendants explains why Defendant Pitts elected to enter an open plea.  The Court further notes that Defendant Pitts is not a stranger to the federal criminal justice system.  When a similar charge was previously lodged against Defendant Pitts, Defendant Pitts cooperated and served as a confidential informant.

During the plea colloquy, the Court notes that Defendant Pitts responded appropriately when the Court asked Defendant Pitts to explain the charges.  As to the length of Defendant's sentence, the Court ascertained that Defendant Pitts understood that the charges in Counts I and II carried a mandatory minimum of ten years of imprisonment up to life, and Count III carried a mandatory minimum of five years, consecutive to the sentence in Counts I and II.  (Dkt. 24, p. 25).  When Defendant Pitts replied that she did not understand the consecutive terms, the Court had the Government explain it again, and the Court explained it again.  Defendant Pitts then indicated that Defendant Pitts understood. (Dkt. 204, pp. 26-27).  Afterward, Defendant Pitts persisted in her guilty plea.

After consideration, the Court finds that Defendant Pitts' plea was knowing and voluntary.  The Court overrules Defendant Pitts' objection.

Because the Court has found that Defendant Pitts did have the close assistance of counsel, and that Defendant's plea was knowing and voluntary, it is not necessary for the Court to give any weight to whether judicial resources will be conserved, or whether the Government will be unduly prejudiced.  After

Case No. 8:09-CR-547-T-17MAP

consideration of the totality of the circumstances, the Court
denies Defendant's Motion to Withdraw Plea.   The Court adopts the
Report and Recommendation, which is incorporated herein by
reference.   Accordingly, it is

   **ORDERED** that Defendant's objections are **overruled,** and the
Report and Recommendation (Dkt. 211) is **adopted** and incorporated
by reference.   Defendant's Motion to Withdraw Plea (Dkt. 187) is
**denied**.

   **DONE AND ORDERED** in Chambers, in Tampa, Florida on this
8th day of February, 2011.

                         ELIZABETH A. KOVACHEVICH
                         United States District Judge

Copies to:
All parties and counsel of record