UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          CASE NO. 8:09-CR-547-T-17MAP

JACQUELINE PITTS.

_____/


ORDER

This cause is before the Court on:


Dkt. 286    Motion for Modification or Reduction of Sentence Pursuant to 18
            U.S.C. Sec. 3553

Defendant Jacqueline Pitts moves for modification or reduction of her sentence pursuant to 18 U.S.C. Sec. 3553, relying on Pepper v. United States, 562 U.S. 476 (2011)(holding when sentence has been set aside on appeal and case has been remanded for resentencing, the court may consider evidence of post-sentencing rehabilitation). Defendant Pitts requests that her consecutive sentence be changed to concurrent, and she be granted any downward departures the Court finds necessary or just, that a letter of recommendation be given by this Court to the Director of the Federal Bureau of Prisons, authorizing Defendant to be placed on home confinement for six months following a twelve-month placement in a halfway house, for a total of eighteen months of early release from imprisonment, and the Court afford Defendant Pitts any type of sentencing relief that will allow Defendant eighteen to twenty-four months of early release. Defendant Pitts argues that Defendant has taken advantage of every opportunity offered by the Bureau of Prisons (Exhibits attached to Motion), has demonstrated that Defendant is not a threat to society, and Defendant is ready for reentry rehabilitation and to be a law-abiding citizen.

Case No. 8:09-CR-547-T-17MAP

Count I of the Indictment includes a violation of 21 U.S.C. Sections 846 (Attempt and conspiracy) and 841(b)(1)(B)(ii)(Penalties involving 500 grams or more of substance containing cocaine, etc.). Count II includes a violation of 18 U.S.C. Sections 846 and 841(b)(1)(B)(ii) and 18 U.S.C. Sec. 2 (Principals). Count III includes a violation 18 U.S.C. Sec. 924(c) (Penalties enhanced for possession of gun in furtherance of drug trafficking crime) and 18 U.S.C. Sec. 2. Count IV includes a violation of 18 U.S.C. Sections 922(g)(1)(Unlawful for person convicted of crime punishable by imprisonment of more than one year to transport firearm or ammunition in interstate commerce), 924(a)(2) (Penalties enhanced for knowing violation) and 2.

The Court notes that Defendant Pitts appealed the final judgment and sentence (Dkt. 231); the Eleventh Circuit Court of Appeals affirmed the final judgment and sentence in this case (Dkt. 254). At the time of sentencing, Defendant's counsel argued that Defendant has had a change of heart, and argued that Defendant's mental health conditions justified a downward departure and variance. At sentencing, the Court denied Defendant's oral Motion for a Downward Departure, and oral Motion for Variance (Dkts. 222, 224).

The Court does not have the discretion to change the term of Defendant's sentence on separate counts from consecutive to concurrent. The Court explained this to Defendant when the Court took Defendant's change of plea on April 5, 2010 (Dkt. 204, pp. 24-27). The Court explained the mandatory minimum term on Counts I and II of ten years, and the mandatory minimum term of five years on Count III, to run consecutive to any term of imprisonment imposed on Count I and II.

The Second Chance Act, 18 U.S.C. Sec. 3624(c)(1), does not empower the Court to reduce a sentence or change the location of where a sentence is to be served. The Court made all appropriate recommendations at the time of sentencing. Under the Second Chance Act, the Bureau of Prisons has the authority to allow a prisoner to

Cse No. 8:09-CR-547-T-17MAP

spend up to twelve months in a half-way house. Defendant Pitts must exhaust the administrative remedies available to Defendant before seeking relief in this Court; Defendant's request for relief is premature and therefore will be denied without prejudice.

To the extent that Defendant Pitts is seeking reduction of her sentence pursuant to 18 U.S.C. Sec. 3582(c)(1), the Director of the Bureau of Prisons has not filed a motion, and the Government has not filed a motion under Rule 35. As to reduction under 18 U.S.C. Sec. 3582(c)(2)(reduction of term of imprisonment where sentencing range has subsequently been lowered by Sentencing Commissioner pursuant to 28 U.S.C. Sec. 994(o)), the Court defers ruling. This case is on the list of cases which may be affected by Amendment 782, and Plaintiff's request will be considered separately according to the procedures implemented for those cases. Accordingly, it is

**ORDERED** that Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. Sec. 3553 is **denied** as to the request to consider post-sentencing rehabilitation, is **denied without prejudice** as to the request for relief under the Second Chance Act, and is **deferred** as to Plaintiff's request for reduction pursuant to 18 U.S.C. Sec. 3582(c)(2).

DONE and ORDERED in Chambers, in Tampa, Florida on this //____ day of December, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record