UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                            CASE NO. 8:09-CR-547-T-17MAP

JACQUELINE PITTS.

_____/

ORDER

This cause is before the Court on:

Dkt. 292    Order Denying Motion for Disciplinary Proceeding
Dkt. 296    Motion for Reconsideration
Dkt. 297    Affidavit

Defendant Jacqueline Pitts moves for reconsideration of the Order denying Motion for Disciplinary Proceeding (Dkt. 292).

I. Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to

Case No. 8:09-CR-547-T-17MAP

simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

II. Discussion

Defendant Pitts argues that Local Rule 7.7 requires the Court to refer this matter to the Grievance Committee. Defendant Pitts argues that counsel's letter of April 13, 2010 breached client confidentiality and violates Rule 7.7.

Local Rule 2.04 addresses discipline. The subject of the letter of April 13, 2010 is "Courtroom demeanor" of Defendant's then-counsel. The Court notes that the letter of April 13, 2010 touched on matters already revealed to the Court in Motions filed in the public docket:

| | | |
|---|---|---|
| Dkt. 67 | 3/20/2010 | Motion for Competency Examination |
| Dkt. 70 | 3/22/2010 | Order of Referral |
| Dkt. 71 | 3/23/2010 | Order Granting Motion |
| Dkt. 72 | 3/24/2010 | Unopposed Motion for Continuance of Trial |
| Dkt. 76 | 4/1/2010 | Minute Entry |
| Dkt. 77 | 4/1/2010 | Order Finding Defendant Competent to Stand Trial |

The Court notes that Defendant's Motion to Sever (Dkt. 82), filed on 4/1/2010, informed the Court that co-Defendants were willing to testify on behalf of Defendant Pitts, that Defendant Pitts had no knowledge of the events of August 19, 2009.

Defendant Pitts' Motion for Reconsideration has not provided new information to

Case No. 8:09-CR-547-T-17MAP

the Court which justifies reconsideration. The Court therefore denies Defendant's Motion for Reconsideration. Accordingly, it is

**ORDERED** that Defendant's Motion for Reconsideration (Dkt. 296) is **denied**. Accordingly, it is

**DONE and ORDERED** in Chambers in Tampa, Florida on this 11th day of June, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record