UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.: 8:09-cr-00547-CEH-JSS

JACQUELINE PITTS
_____/

**ORDER**

This matter comes before the Court on Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 341), in which Defendant Jacqueline Pitts requests modification of her sentence due to the COVID-19 pandemic, coupled with her medical conditions. The Government filed a Response in Opposition to Defendant's Motion (Doc. 343), and Defendant filed a reply (Doc. 344). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release.

**I.   BACKGROUND**

Pursuant to a guilty plea entered on April 5, 2010, Defendant was adjudicated guilty as to all four counts of the indictment: Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii) and 846 (Count One); Attempt to Possess With Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii) and 18 U.S.C. § 2 (Count Two); Possession of a Firearm During and in Relation to Drug Trafficking Crimes, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three); and Possession of a

Firearm by a Convicted Felon 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 (Count Four). Docs. 1, 107, 225. Defendant was sentenced on March 10, 2011, to a total term of 180 months' imprisonment and 96 months of supervised release with special conditions of supervision which included substance abuse and mental health programs and an order of forfeiture of various firearms and ammunition. Doc. 225 at 3–7. Defendant is a 60-year-old black female who is currently incarcerated at Detroit Residential Reentry Management facility with a scheduled release date of May 31, 2022. *See* https://www.bop.gov/inmateloc/ (last accessed June 11, 2021).

Defendant first states that she has exhausted her administrative remedies by applying for compassionate release with her prison warden in April 2020, noting that her request was denied in May 2020. Doc. 341 at 1. Defendant next contends that she should be afforded compassionate release for reasons which include that the prison is not conducive to social distancing, there are limited cleaning supplies, and the clothing of inmates is only washed weekly. *Id.* at 2. Defendant also alleges that U.S. Marshals are actively moving inmates from "infected institutions" to the facility in which she is housed, some recent transfers have tested positive for COVID-19, and that an increasing number of staff and inmates have tested positive for the virus. *Id.* at 2. Defendant states that studies show inmate infection is four times more likely than within the general population and expresses fears that continued spread of COVID-19 will be imminent during the upcoming months. *Id.* at 2–4. Defendant explains that she has medical issues which may put her at a higher risk of a severe COVID-19 infection according to the CDC, submitting a listing of health problems showing various

medical conditions including unspecified obesity, type 2 diabetes fairly controlled by medication, hyperlipidemia well-controlled by medication, unspecified asthma, and chronic airway obstruction ("COPD"). *Id.* at 6–7. Lastly, Defendant contends that she has taken advantage of rehabilitative opportunities, that she has had a "great record" during her time of confinement, and that she no longer poses a threat to the community. *Id.* at 3. Defendant's reply simply restates the arguments contained in her Motion. Doc. 344 at 1–5.

In response, the Government asserts that the Bureau of Prisons has worked closely with experts in the CDC to establish and implement a comprehensive COVID-19 action plan to minimize risk to the individuals within its facilities. *Id.* at 3. The Government states that it is unclear whether Defendant appealed the warden's denial of compassionate release and that her request should be denied on that basis alone. Doc. 343 at 9–10. Next, the Government contends that Defendant has not demonstrated extraordinary and compelling reasons for compassionate release under one of the categories of USSG §1B1.13, comment. n.1(A) including (i) any terminal illness, and (ii) "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and which he or she is not expected to recover." *Id.* at 10. The Government notes the existence of COVID-19 itself is not an extraordinary and compelling reason. *Id.* at 11. According to the Government, it has obtained Defendant's medical records from the BOP confirming a number of conditions including type II diabetes and hypertension, showing prescriptions for various

medications as well as instructions to "follow-up as needed and to return immediately if her conditions worsened." *Id.* at 12–13. The Government argues the records show Defendant has a "history of noncompliance with medical treatment." *Id.* The Government claims that her conditions are not acute and do not justify release. *Id.* at 13. Lastly, the Government asserts that the applicable § 3553(a) factors weigh against the Defendant's release, noting the serious nature of the drug crime and arguing that the Defendant continues to pose a danger to public safety. *Id.* at 13.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that

>does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote

The defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment while noting that even when defendant meets this burden the district court has "discretion to determine whether a sentence reduction is warranted"); *United States v. Heromin*, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III.  DISCUSSION

### A.  Administrative Exhaustion

Defendant has satisfied administrative exhaustion. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies within the BOP prior to the filing of a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies or 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, No. 3:97-cr-120-MMH-PDB, 2020 WL 5106694, at

---

respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

*3 (M.D. Fla. Aug. 31, 2020); *see also United States v. Mack*, No. 3:13-cr-206-TJC-MCR, 2020 WL 6044560, at *5–7 (M.D. Fla. Oct. 13, 2020) (finding exhaustion of administrative remedies when it was clear that the warden had received defendant's request for compassionate release and that more than 30 days had passed).

Here, Defendant filed a request for compassionate release to her BOP warden in April 2020 and received a denial in May 2020. Doc. 341 at 1. Despite the Government's argument that Defendant did not appeal the denial, because more than 30 days have lapsed since the warden's receipt of Defendant's request, Defendant's administrative remedies are considered exhausted and she may pursue her claim in this Court.

### B. No Extraordinary and Compelling Reason Demonstrated

Defendant has not presented enough evidence for this Court to determine that Defendant's medical conditions in combination with the existence of positive COVID-19 cases constitute extraordinary and compelling reasons for compassionate release. In accordance with *Hamilton*, a defendant bears the burden of establishing that compassionate release is warranted. 715 F.3d at 337. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that she is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. Defendant is 60 years old, and thus she does not qualify for compassionate release under the first provision and must demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A).

As a preliminary matter, Defendant is no longer housed at the facility of which she complained. In any event, "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Moreover, general concerns about possible exposure to COVID-19 are not enough. *United States v. Smith*, No. 8:17-cr-412-CEH-AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020); *United States v. Rubio*, No. 8:00-cr-196-JDW-JSS, 2020 WL 7640734, at *2 (M.D. Fla. Dec. 23, 2020). Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care); *see also United States v. Alexander*, No. 3:17-cr-212-MMH-JBT, 2020 WL 7490088, at *2–3 (M.D. Fla. Dec. 21, 2020) (finding no extraordinary and compelling reason for compassionate release when defendant had diabetes, high blood pressure, and mental health issues managed by medication which did not rise to an emergency or impair ability for self-care).

Here, while the list of medical conditions Defendant complains of, including obesity, type 2 diabetes, hyperlipidemia, asthma, and COPD, may be considered aggravating risk factors should she contract COVID-19 infection, she does not provide any medical records to support the severity of her claimed conditions or otherwise

demonstrate that she is unable to provide self-care. Doc. 341 at 6–7. The Government, on the other hand, argues that the BOP's medical records show that Defendant's medical conditions are stable and controlled, that she is receiving proper medical monitoring and care, and that she has not consistently taken advantage of provided medical care. Doc. 343 at 12–13. The Government does not provide medical records either, but as noted above, it is Defendant's burden to carry. And on this record, Defendant fails to carry her burden, and the Court agrees with the Government that Defendant fails to show an extraordinary and compelling reason for compassionate release.

C.     **Section 3553 Factors do not Support a Reduction in Sentence**

Even if Defendant was able to establish an extraordinary and compelling reason, the Court must consider the 3553 factors and make a finding that Defendant would not be a danger to the safety of any person or the community. *See* USSG § 1B1.13(2). The Court cannot make such a finding on this record. Defendant was part of a multi-defendant scheme, involving forearms, to obtain kilogram-quantities of cocaine. The Court has considered the § 3553(a) factors and concludes these factors weigh against a reduction in Defendant's sentence. Accordingly, it is hereby

**ORDERED**:

1.     Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 341) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 11, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented parties